IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| VELEZ ENTERPRISES LLC d/b/a OQSIE<br><br>v.<br><br>KVK TECH, INC., MURTY VEPURI, and ANTHONY TABASSO | CIVIL ACTION<br><br>NO. 20-5553 |
|---|---|

### MEMORANDUM RE: DEFENDANTS' AMENDED MOTION TO DISMISS

**Baylson, J.**                                                            **September 15, 2021**

Before the Court is Defendants KVK-Tech, Inc., Murty Vepuri, and Anthony Tabasso's Amended Motion to Dismiss the Complaint of Plaintiff Velez Enterprises LLC d/b/a OQSIE ("OQISE"). Plaintiff brings claims against all of Defendants for breach of contract, unjust enrichment, fraud, and tortious interference with a business relationship. Defendants seek dismissal of the fraud and tortious interference claims in their entirely, dismissal of the breach of contract and unjust enrichment claims against Defendants Tabasso and Vepuri, and narrowing of the breach of contract and unjust enrichment claims.

I.   **Alleged Facts**

Plaintiff OQSIE is a company that provides services to the life sciences industry. (Compl. ¶¶ 1–2.) Defendant KVK-Tech Inc. is a pharmaceutical company headed by Defendant Anthony Tabasso, who is CEO and President. Defendant Murty Vepuri is a consultant who allegedly controls KVK through an informal role. (Id. ¶¶ 4–7.)

As alleged by Plaintiff, the events giving rise to this case are as follows. In February 2020, KVK received a Warning Letter from the Food and Drug Administration (FDA) informing KVK that it had committed regulatory violations. (Id. ¶¶ 13–14.) To assist in its response to the Warning

1

Letter, KVK reached out to OQSIE and engaged its services. (Id. ¶¶ 17–18.) The precise nature of the contractual relationship established between OQSIE and KVK is unclear. Plaintiff alleges the existence of two distinct contracts. The first of these contracts was a written contract between OQSIE and KVK for OQSIE to support KVK in providing an initial response to the FDA Warning Letter. (Id. ¶ 82.) Defendants do not dispute the existence of this contract in some form, though they characterize it as a "typical services contract." (Am. MTD 9.) The second contract is described in the Complaint as "an oral contract and contract implied to fact" that called for OQSIE to "deploy its consults" and well as "provide ongoing support" over the course of at least one year for corrective measures undertaken by KVK as a result of the Warning Letter. (Compl. ¶ 83.) In addition to KVK and OQSIE, Tabasso and Vepuri as individuals were also parties to this oral contract. (Id. ¶ 82.) The complaint does not provide any details about the terms of this oral contract.

Ultimately, the relationship between OQSIE and KVK soured. KVK allegedly withheld invoiced payments due to OQSIE, an issue that was initially resolved but began occurring again following OQSIE's delivery of a report reviewing KVK's quality system. (Id. ¶¶ 13–14.) The final break came with OSQIE's delivery to KVK of a proposal to remediate the gaps in KVK's quality system, estimated to cost about $10,000,000. (Id. ¶¶ 53–56.) KVK did not accept the proposal and terminated its use of OQSIE's services in July 2020, allegedly doing so in violation of the second contract. (Id. ¶¶ 56–58.) OQSIE also learned that KVK was recruiting OQSIE contractors and had hired Edgardo Rivera, a consultant with OSQIE who had worked on KVK's response to the FDA Warning Letter. (Id. ¶¶ 61–64.)

## II.    Procedural History

Plaintiff filed suit against Defendants (ECF 1), alleging that all Defendants had breached contracts with Plaintiff (Count I), been unjustly enriched at Plaintiff's expense (Count II), defrauded Plaintiff (Count III), and tortiously interfered with Plaintiff's business relationships with Rivera and other contractors. Defendants filed a Motion to Dismiss (ECF 4), arguing, in addition to their current contentions, that the Court lacked subject-matter jurisdiction over the case because of lack of diversity between parties. The Court ordered jurisdictional discovery (ECF 10). Following jurisdictional discovery, Defendants filed the Amended Motion to Dismiss (ECF 14) that is presently before the court, dropping the subject-matter jurisdiction issue. Plaintiff filed a Response (ECF 15), and Defendants filed a Reply. (ECF 16).

## III.   Legal Standards

In considering a motion to dismiss under Rule 12(b)(6), the Court must "accept all factual allegations as true [and] construe the complaint in the light most favorable to the plaintiff." Warren Gen. Hosp. v. Amgen, Inc., 643 F.3d 77, 84 (3d Cir. 2011) (quoting Pinker v. Roche Holdings Ltd., 292 F.3d 361, 374 n.7 (3d Cir.2002). To survive the motion, a plaintiff must "plead 'sufficient factual matter to show that the claim is facially plausible,' thus enabling 'the court to draw the reasonable inference that the defendant is liable for misconduct alleged.'" Warren Gen. Hosp., 643 F.3d at 84 (quoting Fowler v. UPMC Shadyside, 578 F.3d 203, 210 (3d Cir.2009)). Importantly, "threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009).

"It is well-established that three elements are necessary to plead a cause of action for breach of contract: (1) the existence of a contract, including its essential terms, (2) a breach of the contract; and, (3) resultant damages." Meyer, Darragh, Buckler, Bebenek & Eck, P.L.L.C. v. L. Firm of

Malone Middleman, P.C., 137 A.3d 1247, 1258 (Pa. 2016).  The parties must come to agreement on essential terms, for "Pennsylvania law does not allow enforcement of an oral agreement in which essential terms are not 'sufficiently definite to be specifically enforced." Landan v. Wal-Mart Real Est. Bus. Tr., 775 F. App'x 39, 43 (3d Cir. 2019) (quoting ATACS Corp. v. Trans World Commc'n, Inc., 155 F.3d 659, 665 (3d Cir. 1998).  This is especially so "when the agreement takes the form of an 'agreement to agree.'" Id.

### IV.  Analysis

Central to Plaintiff's claims is the alleged oral contract between OQSIE and KVK, Tabasso, and Vepuri, which encompassed the implementation of OQSIE's $10,000,000 remediation plan. Plaintiff's breach and unjust enrichment claims flow partly from Defendants' alleged failure to perform their obligations under this contract, and the fraud claim flows partly from Defendants' alleged intent in entering into this second contract. (Compl. ¶¶ 83, 93, 104.)  A significant problem with Plaintiff's complaint, however, is the failure to allege in any detail what exactly were the oral contract's terms.  First, it is unclear who were the parties to this contract.  Plaintiff alleges that Tabasso and Vepuri as individuals were parties to the contract but fails to allege what benefit *they*—as distinct from KVK—received or what obligation they took on.  Second, it is unclear what exactly the oral contract required of either OQSIE or KVK, as Plaintiff fails to allege what specific services at what specific costs KVK agreed to under this contract. The claim for breach of contract based on the alleged oral contract is therefore dismissed without prejudice.

As to the argument previously raised by Defendants that Plaintiff has failed to show diversity of citizenship, the Court agrees with Defendant that Plaintiff must assert in an amended complaint the accurate citizenship of each party, and each "member" of any party, as it is not clear to the Court that diversity exists.

As to the tort claims, the Court also agrees with Defendant that under the gist of the action doctrine, the plaintiff cannot allege tort claims as a restatement of the breach of contract claims under Pennsylvania law. See Bruno v. Erie Ins. Co., 106 A.3d 48, 53 (Pa. 2014) (barring tort claims "when the gist or gravamen of the cause of action stated in the complaint, although sounding in tort, is, in actuality, a claim against the party for breach of its contractual obligations"). In addition, any claims of fraud, including unjust enrichment, must be alleged with specificity as required by Rule 9(c). Therefore, the Court will dismiss counts II through IV without prejudice as well.

**V.      Conclusion**

The Court will allow Plaintiff twenty-one (21) days to file an amended complaint if Plaintiff wishes to assert the claims being dismissed. The Court is not dismissing Plaintiff's claims based on a written contract but will require Plaintiff to restate those claims as a separate count in an amended complaint, and attach a copy of the contract, including all amendments, so that it is clear to the Court and the parties what is the basis of this claim. An appropriate Order follows.

O:\CIVIL 20\20-5553 Velez v KVK-Tech\20cv5553 Memorandum Re MTD.docx