**UNITED STATES DISTRICT COURT FOR THE
EASTERN DISTRICT OF PENNSYLVANIA**

| | |
|---|---|
| VELEZ ENTERPRISES, LLC d/b/a OQSIE, <br><br> Plaintiffs, <br><br> v. <br><br> KVK-TECH, INC., MURTY VEPURI, and ANTHONY TABASSO, <br><br> Defendants, | Civil no. 2:20-cv-05553-MMB |

**STIPULATED ORDER REGARDING THE DISCLOSURE AND USE OF
CONFIDENTIAL AND PRIVILEGED MATERIALS**

WHEREAS, the parties to the above-captioned action (the "Litigation") pending in the United States District Court for the Eastern District of Pennsylvania (the "Court") between Velez Enterprises, LLC d/b/a OQSIE ("Plaintiff") and KVK-Tech, Inc. ("KVK"), Murty Vepuri, and Anthony Tabasso (collectively "Defendants") are engaged in discovery proceedings, which include, among other things, the taking of depositions and the production of documents; and

WHEREAS, this action involves work performed by Plaintiff and others for KVK to respond to issues raised in a warning letter from the Food and Drug Administration to KVK dated February 11, 2020 (the "Warning Letter") that was performed, in part, at the direction of and in consultation with KVK's counsel resulting in the creation of certain documents and communications protected by the attorney/client and/or work-product privileges;

WHEREAS, these discovery proceedings necessarily involve the production of certain information that the parties to the Litigation (the "Parties," each a "Party") believe to be trade secrets, confidential and sensitive employment, proprietary, and/or confidential financial

9908747.v4

information, as well as documents and communications protected by the attorney-client and/or work-product privileges;

WHEREAS, the Parties desire to protect and preserve the confidential and/or privileged nature of such materials; and

WHEREAS, the Parties desire to create a binding and enforceable agreement between them to govern the handling of such materials during the course of the above-captioned action,

NOW, THEREFORE, IT IS HEREBY STIPULATED AND AGREED by and between Plaintiff and Defendants, through their respective undersigned counsel, that this Stipulated Order Regarding the Disclosure and Use of Confidential and Privileged Materials (the "Stipulation") shall govern the handling of documents, deposition testimony, exhibits, and transcripts thereof, answers to interrogatories, responses to requests to admit, and responses to requests for documents served or filed in this Litigation, and any other information or testimony produced, given or exchanged during discovery, at trial, or during any hearing (this information hereinafter referred to as "Discovery Material"), by and among all persons or entities disclosing Discovery Material, including parties and non-parties (such parties hereinafter referred to as the "Producing Party") as follows:

1. **Designation of Confidential and Privileged Material**

   a. <u>Confidential Material</u>: Any Party to this Litigation and any third party may designate as "Confidential Material" any documents or materials that it in good faith considers to contain, reflect or reveal (a) trade secrets, competitively sensitive technical, marketing, financial, sales, or other confidential business information; (b) private or confidential proprietary or personal information; (c) information received in confidence from a third party; or (d) other confidential information which, if disclosed, may cause competitive harm. All such designated material, all

copies, excerpts and summaries thereof, and all information contained therein or derived therefrom shall hereinafter be referred to as "Confidential Material."

      b.    <u>Privileged Material</u>: Any Party to this Litigation and any third party may designate as "Privileged Material" any documents or materials that it in good faith considers to contain, reflect or reveal documents, communications, or information protected by the attorney-client and/or work-product protections as a result of or related to the work performed by Plaintiff or third parties for KVK at the direction of KVK's counsel with respect to KVK's response to the FDA Warning Letter dated February 11, 2020 (the "Warning Letter"). All such designated material, all copies, excerpts and summaries thereof, and all information contained therein or derived therefrom shall hereinafter be referred to as "Privileged Material."

**2.**    **<u>Labeling of Confidential and Privileged Material</u>**

      a.    Designation by any Party or third party of information (including without limitation any information, document, data thing, interrogatory answer, admission, pleading, or testimony) as Confidential or Privileged shall be made in the following manner:

      (1)    with regard to written material, a legend shall be affixed to each page substantially in the form "CONFIDENTIAL" or "PRIVILEGED";

      (2)    with regard to non-written material, such as recordings, magnetic media, photographs and things, a legend substantially in the above form shall be affixed to the material, or a container for it, in any suitable manner.

      b.    Any Party or third party may designate any or all portions of depositions taken pursuant to this action as Confidential or Privileged either (1) by making a statement on the record at the deposition, or (2) by serving notice in writing to counsel of record within 20 days of receiving the transcript of the deposition.

      c.    Defendants may designate as "Privileged" any discovery material produced by Plaintiff or any third party that it reasonably believes in good faith to be material subject to a

privilege held by Defendants and/or their counsel by serving notice in writing to counsel of record within 20 days of receipt of the discovery material.

        d.      Notwithstanding any obligation to timely designate Confidential Material, and Privileged Material under the foregoing paragraphs, the inadvertent or unintentional failure to designate specific documents or materials as Confidential Material or Privileged Material shall not be deemed a waiver in whole or in part of the claim of confidentiality or privilege to the extent consistent with applicable law, irrespective of whether the requirements of Federal Rule of Evidence 502(b) have been satisfied. Upon notice by the Producing Party of its failure to designate, the non-producing party shall cooperate to restore the confidentiality of the inadvertently or unintentionally disclosed documents or materials. The Producing Party shall provide substitute copies bearing the corrected designation, and the non-producing party shall return or certify the destruction of the undesignated documents or materials.

**3.**      <u>**Disclosure and Use of Confidential Material**</u>

        a.      Confidential Material shall be used solely for the prosecution or defense of the above-captioned action and shall not be used for any business, commercial, competitive, personal or other purpose.

        b.      Confidential Material shall not be disclosed to any persons other than those identified in this Paragraph. Confidential Material may be disclosed, summarized, described, revealed, or otherwise made available in whole or in part only in accordance with the terms of this Stipulation, and only to the following persons:

        (1)      Outside counsel for the parties in the above-captioned action, and regular and temporary staff of such counsel to the extent necessary to assist such counsel in the conduct of this action;

        (2)      The Parties. "Party" includes executives, managers, and current employees who are required to participate in decisions with reference to this Litigation to the extent deemed reasonably necessary by counsel of record for the purpose of assisting in the prosecution or defense of the Litigation;

(3) Outside experts and consultants and their staff retained to assist the parties in the above-captioned action;

(4) The Court and its employees and the jury;

(5) Court reporters and translators; and

(6) Others as to whom the Producing Party has given written consent.

c. This Stipulation shall not restrict any attorney who is a qualified recipient of Confidential Material under the terms of Paragraph 3(b) from rendering advice to his or her client with respect to the above-captioned action, and in the course thereof, from generally relying upon his or her examination of Confidential Material. In rendering such advice or in otherwise communicating with the client, the attorney shall not disclose directly or indirectly the specific content of any Confidential Material where such disclosure would not otherwise be permitted under the terms of this Stipulation.

**4.     Disclosure and Use of Privileged Material**

a. Privileged Material shall be used solely to the extent reasonably necessary for the prosecution or defense of the above-captioned action and shall not be used for any other purpose.

b. Privileged Material shall not be disclosed to any persons other than those identified in this Paragraph. Privileged Material may be disclosed, summarized, described, revealed, or otherwise made available in whole or in part only in accordance with the terms of this Stipulation, and only to the following persons:

(1) Outside counsel for the parties in the above-captioned action, and regular and temporary staff of such counsel to the extent necessary to assist such counsel in the conduct of this action;

(2) The Parties. "Party" includes executives, managers, and current employees who are required to participate in decisions with reference to this Litigation to the extent deemed reasonably necessary by counsel of record for the purpose of assisting in the prosecution or defense of the Litigation;

(3) Outside experts and consultants and their staff retained to assist the parties in the above-captioned action;

(4) The Court and its employees and the jury;

(5) Court reporters and translators;

(6) Any person identified as the author or recipient of a specific document or thing constituting Privileged Discovery Material, but only as to such specific document or thing;

(7) Other "potential witnesses," the identities of whom have been agreed to by counsel for both parties in order for a party to prosecute or defend this action;

(8) Witnesses at trial and deponents in this action to the extent deemed reasonably necessary by counsel of record for the purpose of assisting in the prosecution or defense of the Litigation; and

(9) Others as to whom the owner of the privilege has given written consent.

c. The production of any privileged Discovery Material, whether or not so designated, shall not be deemed a waiver or impairment of any claim of privilege or protection, including, but not limited to, the attorney-client privilege, the protection afforded to work product materials or the subject matter thereof, or the confidential nature of any such Discovery Material, as to the produced Discovery Material, or any other Discovery Material.

d. The production of privileged or work-product protected documents, electronically stored information, or information, whether inadvertent or otherwise, is not a waiver of the privilege or protection from discovery in this case or in any other federal or state proceeding.

**5.** **Notice And Acknowledgement Of Stipulation**

a. Every person to whom Confidential Material and/or Privileged Material or information contained therein is to be disclosed, summarized, described, characterized, or otherwise communicated or made available in whole or in part, first shall be advised that the material or information is being disclosed pursuant and subject to the terms of this Stipulation.

b. The in-house client representatives and outside experts/consultants who are qualified recipients under the terms of Paragraphs 3(b), and 4(b) to whom disclosure of

Confidential Material and/or Privileged Material is intended shall confirm their understanding and agreement to abide by the terms of this Stipulation by signing a copy of Exhibit A.

**6.    Challenging Designations of Protected Material**

a.    The parties shall not be obligated to challenge the propriety of any designation under this Stipulation at the time the material in question is produced, and a failure to do so shall not preclude a subsequent challenge thereto.

b.    If counsel for a Party receiving Discovery Material designated as Confidential or Privileged objects to that designation in whole or in part, counsel for the objecting Party shall, within 30 days, serve on counsel for the designating Party or third party a written objection describing with particularity the Discovery Material in question and stating the grounds for objection. Counsel for the designating Party or third party shall respond to the objection in writing within 14 calendar days, and shall state with particularity the grounds for asserting that the Discovery Material is properly designated. If no timely written response is made to the objection, the challenged designation will be deemed void. If a timely written response is made to the objection, counsel shall confer in good faith in an effort to resolve the dispute. The objecting Party may not challenge a Confidential or Privileged designation by arguing that the disclosure itself is a waiver of any applicable privilege or protection.

c.    If a dispute as to a Confidential or Privileged designation cannot be resolved by agreement, either party may present the dispute to the Court. The burden of proof will remain at all times with the proponent of the confidentiality designation.

d.    Notwithstanding any challenge to a designation, the challenged documents or materials shall continue to be treated as designated under this Stipulation until one of the following occurs: (a) the objection to the designation is withdrawn in writing; or (b) the Court rules that the documents or materials in question are not entitled to the designation.

> **Deleted:** the proponent of the challenged designation
> **Deleted:** shall

7. **Inadvertent Disclosure**

In the event of a disclosure of Confidential or Privileged Material to a person or persons not authorized to receive such disclosure under this Stipulation, the Party responsible for having made such disclosure, and each Party with knowledge thereof, shall promptly notify counsel for the Party whose discovery material has been disclosed and provide to such counsel all known relevant information concerning the nature and circumstances of the disclosure. The responsible disclosing party shall also promptly take all reasonable measures to retrieve the improperly disclosed discovery material and to ensure that no further or greater unauthorized disclosure or use thereof is made.

8. **Subpoenas or Court Orders**

If, at any time, Confidential Material or Privileged Material is subpoenaed or ordered by any court, arbitral, administrative, investigative, or legislative body to be produced, the recipient of such subpoena or order shall give prompt written notice thereof to the Producing Party or, in the case of Privileged Material, to Defendants.

9. **Examination Of Witnesses**

To the extent that testimony is sought concerning Confidential Material or Privileged Material during any deposition or in any other pre-trial venue, any Party may exclude any person from the deposition or other venue during such testimony if the person is not permitted to receive disclosure of the Confidential Material or Privileged Material under the terms of this Stipulation.

10. **Filing Protected Material**

Absent written permission from the designating party or a court order, the Parties agree take all steps necessary under the Federal Rules of Civil Procedure and applicable local civil rules to file or submit any Confidential or Privileged Material under seal. The Parties agree not to oppose requests to file or submit Confidential or Privileged Material under seal and not to seek to have any such filings or submissions unsealed.

8
9908747.v4

**11. Conclusion of the Action**

Within 60 days after entry of a final judgment or dismissal with prejudice in this action (including appeals or petitions for review) or the execution of a settlement agreement among all the parties finally disposing of all issues raised in this action, the receiving party shall: (a) return all Confidential Material and Privileged Material to the Producing Party; or (b) destroy such Confidential Material and Privileged Material.

**12. Modification**

a. The Parties may stipulate as to the application of this Stipulation to specific situations, provided that such stipulations are recorded in writing or contained in the record of any oral court proceeding.

b. Nothing contained herein shall preclude any party from seeking an order of the Court modifying or supplementing this Stipulation. This Stipulation shall be subject to amendment by the Court at any time.

**13. Miscellaneous**

a. <u>Termination of Matter and Retention of Jurisdiction.</u> The Parties agree that the terms of this Stipulation shall survive and remain in effect after the final disposition of the above-captioned action.

b. <u>Successors.</u> This Stipulation shall be binding upon the undersigned parties hereto, their attorneys, and their successors, executors, personal representatives, administrators, heirs, legal representatives, assigns, subsidiaries, divisions, employees, agents, retained consultants and experts, and any persons or organizations over which they have direct control.

c. <u>Burdens of Proof.</u> Notwithstanding anything to the contrary above, nothing in this Stipulation shall be construed to change the burdens of proof or legal standards applicable in disputes regarding whether certain material is discoverable.

d. Rule 502(d). This Stipulation shall be interpreted to provide the maximum protection allowed by Federal Rule of Evidence 502(d).

e. Choice of Law. This Stipulation shall be construed in accordance with the laws of the Commonwealth of Pennsylvania, without regard to principles of conflicts of laws.

f. Forum Selection. In any action or dispute arising out of this Stipulation, the parties hereby consent to the jurisdiction of the Court presiding over the above-captioned action. Each party waives, to the fullest extent permitted by law, any objection that it may now have or hereafter obtain to the establishment of personal jurisdiction or venue in any such court, suit, action or proceeding.

g. Severability. Should any part of this Stipulation be rendered or declared invalid by a court of competent jurisdiction, such invalidation of such part or portion of this Stipulation should not invalidate the remaining portions thereof, and they shall remain in full force and effect.

h. Discovery Rules Remain Unchanged. Nothing herein shall alter or change in any way the discovery provisions of the Federal Rules of Civil Procedure or the Local Civil Rules of the United States District Court for the Eastern District of Pennsylvania, or the Court's orders in the above-captioned action.

i. Authorization. Each Counsel executing this Stipulation represents that he/she has full power and authority to do so as agents of their respective clients.

/s/ draft
Francis M. Correll, Jr.
Monica Clarke Platt, Esquire
KLEHR HARRISON HARVEY
BRANZBURG, LLP
1835 Market Street, 14th Floor
Philadelphia, PA 19103
(215) 569-3699
mplatt@klehr.com

/s/_____
Oleg Sokolov
Jason Rabinovich
Rabinovich Sokolov Law Group LLC
1700 Market Street, Ste. 1005
Philadelphia, PA 19103
*Attorneys for Plaintiff*

Dated: May __, 2022

*Attorney for Defendants*

Dated: May __, 2022

                        APPROVED BY THE COURT:

                                                                       Baylson, J.

**EXHIBIT A**

**AGREEMENT TO BE BOUND BY TERMS OF STIPULATED ORDER
REGARDING THE DISCLOSURE AND USE OF
<u>CONFIDENTIAL OR PRIVILEGED DISCOVERY MATERIALS</u>**

    I acknowledge and declare that I have received a copy of the *Stipulated Order Regarding the Disclosure and Use of Confidential Discovery Materials* ("Stipulation") in the action captioned *Velez Enterprises, LLC d/b/a OQSIE v. KVK-Tech, Inc., Murty Vepuri, and Anthony Tabasso*, no. 2:20-cv-05553-MMB in the United States District Court for the Eastern District of Pennsylvania. Having read and understood the terms of the Stipulation, I agree to be bound by the terms of the Stipulation and consent to the jurisdiction of the presiding Court (and any other Courts before which enforcement proceedings are commenced concerning the Stipulation) for the purpose of any proceeding to enforce the terms of the Stipulation. I also understand that, in the event that I fail to abide by the terms of this agreement, I may be subject to legal or equitable recourse by an adversely affected party.

    Name of individual: _____

    Present occupation/job description: _____

_____

_____

    Name of Company or Firm: _____

    Address: _____

    Dated: _____

_____
[Signature]

STATE OF _____

COUNTY OF _____

    Subscribed and sworn to before me this \_\_\_\_\_ day of _____, 20\_\_\_.
Witness my hand and official seal.