# UNITED STATES DISTRICT COURT FOR THE
# EASTERN DISTRICT OF PENNSYLVANIA

|  |  |
|---|---|
| VELEZ ENTERPRISES, LLC d/b/a OQSIE, <br><br> Plaintiff, <br><br> v. <br><br> KVK-TECH, INC., MURTY VEPURI, and ANTHONY TABASSO, <br><br> Defendants, | Civil no. 2:20-cv-05553-MMB |

**DEFENDANTS' REPLY IN SUPPORT OF THEIR
MOTION FOR PROTECTIVE ORDER AND ENTRY OF CONFIDENTIALITY ORDER**

Defendants KVK-Tech, Inc. ("KVK"), Murty Vepuri ("Vepuri"), and Anthony Tabasso ("Tabasso" and collectively, "Defendants") submit this reply in support of their motion for protective order and entry of confidentiality order.

Through their motion, Defendants seek to protect documents and communications that they believe to be privileged and/or protected by the work-product doctrine from disclosure and possible compromise or waiver of such protection while the Court in the criminal action pending against Defendants KVK and Vepuri[1] reviews KVK's assertions of privilege. In that action, Judge Bartle and Special Master Miller already have the benefit of the substantial briefing that has taken place and evidence that has been presented.

Notably, Plaintiff, Velez Enterprises, LLC d/b/a OQSIE ("Plaintiff" or "OQSIE") does not take issue with the vast majority of the confidentiality order that Defendants ask the Court to enter. Rather, OQSIE mischaracterizes Defendants' efforts to protect documents they believe to be

---

[1] *United States v. Vepuri, et al*. 21-cr-132-HB.

privileged from disclosure as attempts to have this Court "make a preliminary determination of attorney/client and/or work-product privilege(s) as to almost all documents to be exchanged in this lawsuit." Pl's. Br. at 1. Without any basis, Plaintiff claims that the requested confidentiality order is overly broad. Plaintiff's bare-bones argument fails, and the Court should grant Defendants' motion.

Two categories of documents are at issue here: documents created by and communications with Plaintiff and its consultants and documents created by and communications between KVK and its subsequent consultants. Again, it should be noted that Defendants do not intend to withhold from OQSIE documents created by and communications with OQSIE's own consultants, but merely seek to protect them from wider disclosure. In that regard, Plaintiff's objections to the confidentiality order are inexplicable. Indeed, Plaintiff provides no substantive basis for its objections nor explanation as to why Plaintiff should need to disclose Defendants' documents.

With respect to Defendants' request that the Court strike four of Plaintiff's requests for production that seek documents created by and communications with other consultants hired by KVK to address the issues raised in the Warning Letter, again, Defendants do not seek a decision on the merits of the asserted protections. KVK's assertions of privilege over these documents and communications are also before Judge Bartle in the criminal action. To avoid any potential compromise of applicable protections that could result from disclosure to OQSIE while the issue is litigated, KVK requests that the Court strike Plaintiff's requests for these (irrelevant) documents until such time as a ruling has been made in the criminal action. This would also avoid the possibility of inconsistent rulings in the two actions, while allowing for efficient resolution of the issue, given that Special Master Miller and Judge Bartle have already had the benefit of significant briefing and argument concerning these privilege issues.

2

In arguing that no good cause exists to enter Defendants' requested orders, Plaintiff merely makes the conclusory statement that it does not, without engaging with Defendants' arguments in any substantive way. Instead, Plaintiff merely asserts that the Court should deny the motion because the order Defendants seek differs from typical confidentiality orders. But this is not a typical situation because the documents that Defendants seek to protect from disclosure here are already the subject of a pending privilege dispute in the criminal matter against two of the Defendants in this case. Plaintiff does not provide any basis for the Court to find that Defendants' documents should not be protected from disclosure pending a decision in the criminal action. Accordingly, Defendants respectfully request that the Court grant the motion and enter Defendants' proposed orders.

Respectfully submitted,

KLEHR HARRISON
HARVEY BRANZBURG LLP

Dated: July 8, 2022

By: /s/ Monica Clarke Platt
Francis M. Correll, Jr.
Monica Clarke Platt
1835 Market Street, 14th Floor
Philadelphia, PA 19103
Tel: 215-569-2700
Fax: 215-568-6603
fcorrell@klehr.com
mplatt@klehr.com

*Attorneys for Defendants KVK-Tech, Inc., Murty Vepuri, and Anthony Tabasso*

# UNITED STATES DISTRICT COURT FOR THE
# EASTERN DISTRICT OF PENNSYLVANIA

|  |  |
|---|---|
| VELEZ ENTERPRISES, LLC d/b/a OQSIE, <br><br> Plaintiff, <br><br> v. <br><br> KVK-TECH, INC., MURTY VEPURI, and ANTHONY TABASSO, <br><br> Defendants, | Civil no. 2:20-cv-05553-MMB |

## CERTIFICATE OF SERVICE

I, Monica Clarke Platt, Esquire, hereby certify that a copy of Defendants' Reply in Support of Their Motion for Protective Order and Entry of a Confidentiality Order was served upon counsel of record via the Court's ECF electronic-filing system and as follows:

Oleg Sokolov
Justin Rabinovich
Rabinovich Sokolov Law Group LLC
1700 Market Street, Ste. 1005
Philadelphia, PA 19103
*Attorneys for Plaintiff*

Dated: July 8, 2022  /s/ Monica Clarke Platt
Monica Clarke Platt